PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOIDA FELICIANO, | ) |
| | ) CASE NO. 1:21-CV-01382 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) **ORDER** |
| Defendant. | ) [Resolving ECF No. 17] |

Before the Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), seeking $15,136.00 in fees. ECF No. 17. Plaintiff's counsel also filed an affirmation in support of his motion. ECF No. 17-1. The Government responded stating that it neither supports nor opposes Plaintiff's motion. ECF No. 19.

The Sixth Circuit has "continued to adhere to [its] precedent . . . holding that contingency-fee agreements within the twenty-five percent cap are 'not to be viewed as *per se* reasonable." *See Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 643 (6th Cir. 2025) (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). Instead, it is given the weight of a rebuttable presumption and is the starting point of a court's analysis. *Id.* The Sixth Circuit also held that a disproportionately high effective hourly rate can be one consideration but "cannot *on its own* justify reducing a fee award—district courts must provide additional reasoning." *Id.* at 644 (emphasis in original). The analysis has a "floor" where if the effective rate is "'less than twice the standard rate for such work in the relevant market,' then it is '*per se* reasonable' and 'a district court has no basis for questioning' it." *Id.* If, however, it is more, a court may consider

(1:21CV1382)

arguments rebutting the presumed reasonableness but the higher fee "may well be reasonable." Id. The Court may also consider factors such as "the difficulty of the case, the character of the representation, [any] delay on counsel's part, and the results that counsel achieved." Id. at 648 (citing Steigerwalder v. Comm'r of Soc. Sec., 48 F.4th 632, 643 (6th Cir. 2022)).

While the attorney fee of $15,136.00 is 25% of Plaintiff's past due benefits ($60,544.00) and is the agreed upon rate in Plaintiff and counsel's contingency fee agreement, Counsel's effective rate is not *per se* reasonable. Counsel's effective hourly rate of $922.26 is more than seven times that of the statutory hourly rate of $125,[1] more than four times the adjusted 2021 EAJA hourly rate filed by Plaintiff,[2] almost four times the average rate for an Ohio practitioner in administrative law,[3] and still over twice the average rate for a New York practitioner in administrative law.[4]

The Court is also unpersuaded of the reasonableness of counsel's effective rate based on other factors. Counsel achieved a favorable result as Plaintiff was found to be entitled to

---

[1] 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.").

[2] *See* Ex. A, [Consumer Price Index] Calculation, ECF No. 14-1 at PageID #: 837 (calculating the 2021 EAJA rate by adjusting for inflation and finding the 2021 rate to be $207.85 per hour).

[3] *See* 2023 Profile of the Legal Profession in Ohio, OHIO STATE BAR ASSOCIATION, at 8–9 (last visited Aug. 22, 2025) (finding that the average hourly rate of attorneys ranged from $200 to $250 in 2018 depending on how long the attorney had been in practice); *How Much Should I Charge as a Lawyer in Ohio?*, CLIO https://www.clio.com/resources/legal-trends/compare-lawyer-rates/oh/ (last visited Aug. 22, 2025) (noting the average hourly rates in Ohio by practice area, the highest of which was immigration at $488, then personal injury at $434; administrative was at $232).

[4] *How Much Should I Charge as a Lawyer in New York?*, CLIO, https://www.clio.com/resources/legal-trends/compare-lawyer-rates/ny/ (last visited Aug. 22, 2025) (noting that the average hourly rates in New York by practice area, the higher of which was immigration as $581; administrative was at $433).

(1:21CV1382)

monthly disability benefits from Social Security beginning April 2019. *See* Ex. B, Notice of Award, ECF No. 17-3. The Court is unconvinced, however, that the case was particularly difficult or counsel's representation of a special character. Counsel logged a little under 16 hours of work on the case; well within what the Sixth Circuit has considered to be "average" on a social security case. *See Tucker*, 136 F.4th at 648 (finding 34.8 hours to be within the range the Sixth Circuit considered "average"); *Rodriquez*, 865 F.2d at 747 n.4 (noting that the average number of hours asserted in a fee petition was 37.3). The Court notes that Plaintiff requested a sixty-day extension and was granted a thirty-day extension to file her brief on the merits. *See* Consent Mot. for Ext. ECF No. 8; Order [non-document] dated 10/29/2021. The Court finds that Plaintiff's requested fee of $15,136 would be a windfall.

    Having reviewed the relevant pleadings, the governing statute, and Sixth Circuit case law, the Court grants Plaintiff's motion for attorney fees in part. Plaintiff's counsel is granted $14,241.40, double the average New York rate for administrative law ($433) and the paralegal fees. This rate acknowledges the counsel's skill and expertise, the competency with which the work was performed, the level of success achieved, and fulfills the aims of § 406(b), without resulting in a windfall to counsel. This rate is granted with the understanding that, the previously granted $3,600 in EAJA fees will be remitted to the claimant to prevent the attorney's double recovery of fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

    IT IS SO ORDERED.

| October 31, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |